CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

AUG 04 2015

JULIA C. DUDLEY, CLERK
BY: /s/ H. McDonald
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| MICHAEL BRADY LESTER,<br>    Plaintiff, | ) ) ) | Civil Action No. 7:15-cv-00356 |
| v. | ) ) ) | **MEMORANDUM OPINION** |
| STEVEN CLEAR, et al.,<br>    Defendants. | ) ) ) | By:   Hon. Jackson L. Kiser<br>       Senior United States District Judge |

Michael Brady Lester, a Virginia inmate proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983, naming various staff of the Soutwest Virginia Regional Jail ("Jail") as defendants. Because the complaint fails to state a claim upon which relief may be granted, it is dismissed without prejudice.

Plaintiff wanted specific books from the Jail's law library, but those books were not part of the Jail's collection. When Plaintiff's mother had purchased the Bluebook and had it sent to Plaintiff at the Jail, Jail staff would not allow Plaintiff to receive it.[1] Plaintiff was also dissatisfied with staff's responses to his numerous administrative grievances he filed about the books and staff's alleged failures to follow Jail policies and procedures. Plaintiff concludes that staff violated the First, Fifth, Sixth, Eighth, and Fourteenth Amendments of the United States Constitution.

I must dismiss an action or claim filed by an inmate if I determine that the action or claim is frivolous or fails to state a claim on which relief may be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims based upon "an indisputably meritless legal theory," "claims of infringement of a legal interest which clearly does not exist," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). The second standard is the familiar standard for a motion to

---

[1] Plaintiff did not order the book directly from a publisher.

dismiss under Federal Rule of Civil Procedure 12(b)(6), accepting a plaintiff's factual allegations as true. A complaint needs "a short and plain statement of the claim showing that the pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level. . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). A plaintiff's basis for relief "requires more than labels and conclusions . . . ." Id. Therefore, a plaintiff must "allege facts sufficient to state all the elements of [the] claim." Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003).[2]

To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). However, Plaintiff fails to identify a non-frivolous legal claim that a defendant's actions prevented him from litigating. See, e.g., Christopher v. Harbury, 536 U.S. 403, 415 (2002). This requirement means the "inmate must come forward with something more than vague and conclusory allegations of inconvenience or delay in his instigation or prosecution of legal actions . . . . The fact that an inmate may not be able to litigate in exactly the manner he desires is not sufficient to demonstrate the actual injury element of an access to courts claim." Godfrey v. Washington Cnty., Va., Sheriff, No. 7:06-cv-00187, 2007 U.S. Dist. LEXIS 60519, at *39, 2007 WL 2405728, at *13 (W.D. Va. Aug. 17, 2007) (Turk, J.). Furthermore, a claim that prison

---

[2] Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009). Thus, a court screening a complaint under Rule 12(b)(6) can identify pleadings that are not entitled to an assumption of truth because they consist of no more than labels and conclusions. Id. Although I liberally construe pro se complaints, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), I do not act as an inmate's advocate, sua sponte developing statutory and constitutional claims not clearly raised in a complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985); see also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that a district court is not expected to assume the role of advocate for a pro se plaintiff).

officials have not followed their own independent policies or procedures also does not state a constitutional claim.  See <u>United States v. Caceres</u>, 440 U.S. 741, 752-55 (1978); <u>Riccio v. Cnty. of Fairfax</u>, 907 F.2d 1459, 1469 (4th Cir. 1990).  Accordingly, the complaint fails to state a claim upon which relief may be granted, and it is dismissed without prejudice.

**ENTER**: This 4th day of August, 2015.

                                              /s/ Jackson L. Kiser
                                              Senior United States District Judge